**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Isaac Cotto, a Special Agent with the Department of Homeland Security Investigations, hereinafter referred to as HSI, being duly sworn, depose and state as follows:

**BACKGROUND**

1. I am a Special Agent with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been so employed since April 2024. Prior to HSI, I was employed by the Transportation Security Administration as a Transportation Security Officer from 2022 to 2024. I am an investigative law enforcement officer of the United States who is empowered to conduct investigations of or to make arrests for offenses enumerated in Title 21, United States Code, Section 967. As a Special Agent, my responsibilities include conducting investigations of the alleged manufacture, distribution, and possession of controlled substances, importation of controlled substances, smuggling of goods into the United States, firearms violations, and other related offenses.

2. I am authorized to investigate crime involving violations of federal law, including but not limited to violation of controlled substances, that is 21 U.S.C. § 846 and 841 and violation of federal firearms statutes including but not limited to 18 U.S.C. §§ 922(g)(1) and (o). I have training and experience working cases involving these violations of federal law.

3. I have attended the Homeland Security Investigations Special Agent Training Program (HSISAT) and the Criminal Investigator Training Program (CITP) at the Federal Law Enforcement Training Center in Glynco, Georgia. I was trained in conducting investigations related to firearms violations and narcotics smuggling, which includes

1

interdiction and distribution activities. I am currently assigned to the HSI Fajardo office, where investigations commonly conducted are related to violations of Titles 8, 18, 19, 21 and 31 of the United States Code. As part of my official duties, I have conducted arrests of people engaged in illegal drug activities and its proceeds; I have executed search warrants of homes and property of persons engaged in drug trafficking and money laundering activities; and, I have participated in seizures of property and currency which constituted proceeds of illegal drug trafficking activity. Moreover, I have interviewed persons involved in the drug trafficking and money laundering business and debriefed confidential sources and cooperating defendants regarding the habits and practices of people engaged in the illegal trafficking of drugs and the methods utilized to launder its proceeds. Through my training and experience, I have become familiar with investigative techniques that involve conducting searches on electronic storage media.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show simply that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. The facts and information contained in this affidavit are based on my personal knowledge, as well as upon information received in my official capacity from other individuals, including other federal and state law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint charging Dominic DAVILA-FIGUEROA (hereinafter DAVILA-FIGUEROA) with violating Title 18 U.S.C. §922 (o) possession of a machine gun. I have set forth only the

facts that I believe are necessary to establish probable cause to support this criminal complaint.

## FACTS IN SUPPORT OF PROBABLE CAUSE

6. On September 8, 2025, at approximately 3:00 pm, Puerto Rico Police Bureau (PRPB) agents detained Dominic DAVILA-FIGUEROA for a domestic violence violation. DAVILA-FIGUEROA was apprehended by PRPB agents inside his vehicle in Humacao, P.R.

7. Upon apprehension, DAVILA-FIGUEROA was inside the vehicle with three minor children. While exiting the vehicle, PRPB agents saw a firearm in plain sight coming out from under the driver's seat. PRPB agents proceeded to remove the firearm and secure it.

8. PRPB agents recovered a loaded Glock pistol, model 23, with the serial number NTT174. The weapon had a device considered a "auto sear", the most common automatic conversion device, which transforms a semiautomatic gun into a firearm capable of firing multiple rounds with a single pull of the trigger.

  

9. On that same day, HSI agents responded and took custody of DAVILA-FIGUEROA. After the agents identifying themselves to DAVILA-FIGUEROA and reading his Miranda rights to him in the Spanish language, DAVILA-FIGUEROA waived his rights and agreed to give a verbal statement to HSI agents.

10. DAVILA-FIGUEROA told HSI agents that on September 8, 2025, he was apprehended by police agents while dropping off his children at their grandmother's church in Humacao.

11. DAVILA-FIGUEROA told HSI agents that the firearm found inside the vehicle belongs to him and that he purchased it while living in the state of Oklahoma sometime between March and April of 2025. DAVILA-FIGUEROA stated that the firearm is not registered.

12. DAVILA-FIGUEROA also told agents that he purchased the firearm on the street from an individual, who he did not provide a name for. DAVILA-FIGUEROA stated he purchased the firearm for approximately $500 USD. DAVILA-FIGUEROA also added that he currently does not possess a valid license to carry a firearm.

13. DAVILA-FIGUEROA told agents that when he moved to Puerto Rico in June of 2025, he packed the firearm and asked a friend to send the firearm via the United States Postal Service. DAVILA-FIGUEROA told agents that he sent the firearm hoping it would not get caught and had knowledge that sending a firearm via the postal service is illegal.

14. DAVILA-FIGUEROA told agents that once the firearm arrived in Puerto Rico, the firearm was altered by himself using a piece of fork and epoxy. DAVILA-FIGUEROA

stated that he had knowledge of what altering the firearm did and that he did it because it is a common practice in Puerto Rico.

15. Other items seized from DAVILA-FIGUEROA were three extended magazines which hold 21 rounds of 40mm ammunition, one magazine which holds 13 rounds of 40mm ammunition, 67 rounds of 40mm ammunition, and a cellphone belonging to DAVILA-FIGUEROA.

16. Based on my training and experience, individuals with knowledge that a firearm is altered to function as a machinegun carry considerable amounts of ammunition and extended capacity magazines such as the ones seized from DAVILA-FIGUEROA.

17. Based on the foregoing facts and circumstances, your affiant submits that probable cause exists to believe that DAVILA-FIGUEROA was in violation of Title 18 U.S.C. §922 (o) possession of a machine gun.

18. I declare that the foregoing is true and correct to the best of my knowledge.

ISAAC J COTTO DAVILA
Digitally signed by ISAAC J COTTO DAVILA
Date: 2025.09.09 12:36:53 -04'00'

Isaac Cotto
Special Agent
Homeland Security Investigations

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 3:21 PM on September 9, 2025, in San Juan, Puerto Rico.

Hon. Marcos E. López
United States Magistrate Judge
United States District Court
District of Puerto Rico